1  TIFFANY W. TAI, State Bar No. 193271
   BRAUNSON C. VIRJEE, State Bar No. 290376
2  **RITT, TAI, THVEDT & HODGES**
   A Limited Liability Partnership
3  65 North Raymond Avenue, Suite 320
   Pasadena, California 91103
4  (626) 685-2550 telephone
   (626) 685-2562 facsimile
5
6  Attorneys for Plaintiffs GRYPHON MOBILE
   ELECTRONICS, LLC and SPACEKEY
7  (USA), INC.

8                     **UNITED STATES DISTRICT COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10

11  GRYPHON MOBILE                          )  Case No.
    ELECTRONICS, LLC, a California          )
12  limited liability company; and          )  **COMPLAINT FOR DAMAGES AND**
    SPACEKEY (USA), INC., a                 )  **INJUNCTIVE RELIEF FOR:**
13  California corporation,                 )
                                            )  1.  Patent Infringement;
14          Plaintiffs,                     )  2.  Unfair Competition; and
                                            )  3.  Accounting
15     v.                                   )
                                            )  **AND DEMAND FOR JURY TRIAL**
16  VOLITIGER POWER, INC., a                )
    California corporation; and DOES 1      )
17  THROUGH 10, inclusive,                  )
                                            )
18          Defendants.                     )
                                            )
19  _____   )

20

21

22

23      Plaintiffs, GRYPHON MOBILE ELECTRONICS, LLC ("Gryphon") and

24  SPACEKEY (USA), INC. ("Spacekey"), by and through the undersigned counsel of

25  record, allege as follows:

26

27

28

                                         1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# JURISDICTION AND VENUE

1. This is an action for, among other things, infringement of a design patent owned by Spacekey and assigned to Gryphon.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, 28 U.S.C. §§ 1338 (a) and (b), and 28 U.S.C. § 1367(a); and arises under the patent laws of the United States of America, Title 35 of the United States Code.

3. Venue lies in the Central District of California pursuant to 28 U.S.C. §1400(a), as defendants and their agents: (a) have voluntarily availed themselves of the laws and regulations of the State of California and of this District; (b) have had and continue to have continuous and systematic contacts with the residents of California and this District; and (c) have transacted, and are continuing to transact, business with residents of California and this District, such business having an effect in this District. Plaintiffs allege on information and belief that, among other things, Defendants have purposefully, continuously, and systematically directed their offers to sell, sales and distribution of products to residents of California and this District by offering to sell, selling and distributing products through their publicly accessible, interactive web sites, including without limitation www.volitiger.com, as well as through other web-based marketplaces such as www.amazon.com.

# PARTIES

4. Plaintiff Gryphon Mobile Electronics, LLC is, and at all times relevant was, a California limited liability company, duly authorized to do, and doing, business in the County of Orange, State of California.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

5. Plaintiff Spacekey (USA), Inc. is, and at all times relevant was, a California corporation, duly authorized to do, and doing, business in the County of Orange, State of California. Gryphon and Spacekey are sometimes referred to collectively as "Plaintiffs" herein.

6. Plaintiffs are informed and believe, and upon such information and belief allege, that defendant VOLITIGER POWER, INC. ("Volitiger") is a California corporation, with its principal place of business in Pasadena, California. Plaintiffs are further informed and believe, and upon such further information and belief allege, that at all times relevant hereto, Volitiger maintains a commercial presence on the Internet through its website www.volitiger.com.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiffs who therefore sue those defendants by such fictitious names. Plaintiffs will amend this Complaint to insert the true names and capacities of such DOE defendants when the same have been ascertained.

8. Plaintiffs are informed, believe and thereon allege that each defendant designated herein as a DOE is responsible in some manner for the occurrences and events herein alleged and that Plaintiffs' damages were proximately caused by their conduct.

9. Plaintiffs are informed, believe and thereon allege that unless otherwise specifically mentioned, each defendant was an agent and/or employee of each of the remaining defendants, and that in doing the things complained of herein was acting within the course and scope of such agency and/or employment.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# FIRST CAUSE OF ACTION
## Patent Infringement

10. On August 19, 2014, U.S. Patent No. D711,318 S (hereinafter "the '318 Patent" or "Patent-In-Suit") was duly and legally issued to Spacekey (USA), Inc. The '318 Patent is a design patent that pertains to a mobile charging device that is imported and distributed by Gryphon under its "PowerAll" trademark. True and correct copies of the '318 Patent and the certificate of registration of the "PowerAll" mark are attached hereto as Exhibits A and B, respectively.

11. In or around October 2015, Plaintiffs learned that Volitiger had been manufacturing, importing, offering for sale, selling, marketing, advertising, and/or distributing the "Super Tiger," the "King Tiger," the "Professional Tiger," and the "Volitiger Never Stop Jump Starter" mobile charging devices (hereinafter referred to collectively as the "Volitiger Accused Devices") which appeared to embody the design claimed in the '318 Patent and were direct knock-offs of Gryphon's PowerAll charger.

12. Defendants have not been licensed under the Patent-in-Suit, nor do they have the right to manufacture, import, market, advertise or distribute products embodying the claims of the '318 Patent.

13. Defendants have directly infringed or indirectly infringed by inducing the infringement, and are continuing to directly infringe or indirectly infringe by inducing the infringement of the ornamental design claimed in the '318 Patent by manufacturing, importing, marketing, advertising and distributing, or by knowing aiding and abetting the manufacture, import, marketing, advertisement and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

distribution of products that embody the patented design described and claimed in the '318 Patent.

14. Defendants' activities have been without express or implied license from Plaintiffs.

15. Defendants will continue to infringe the '318 Patent unless enjoined by the Court. As a result of Defendants' infringing activities Plaintiffs have suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Plaintiffs are entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. §283.

16. As a result of the infringement of the '318 Patent, Plaintiffs are damaged, have been damaged, will be further damaged, and are entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

17. Defendants' past and continuing infringement of the '318 Patent has been deliberate and willful. Their conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284, and this is an exceptional case justifying an award of attorneys' fees to Plaintiffs pursuant to 35 U.S.C. § 285.

## SECOND CAUSE OF ACTION
**Unfair Business Practices**

18. Defendants' conduct, as set forth more fully above, was unlawful, unfair and/or fraudulent and has the potential to cause confusion in the marketplace.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

19.  As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered, and will continue to suffer damages to their business, reputation and goodwill, in an amount to be established at trial.

20.  Defendants' conduct constitutes unfair competition and deceptive practices under California's *Business & Professions Code* sections 17200 et seq. and 17500 et seq.

## THIRD CAUSE OF ACTION
### Accounting

21.  The exact amount of monies received by Defendants and each of them as a result of their unlawful conduct and unauthorized exploitation of Plaintiffs' patent is unknown to Plaintiffs and can only be determined by an accounting.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants and each of them as follows:

**ON THE FIRST CAUSE OF ACTION** (For Patent Infringement):

1. Declaration that the '318 Patent is valid and enforceable;
2. Declaration that each of the Defendants has infringed the '318 Patent;
3. A preliminary and permanent injunction against each of the Defendants and their officers, agents, servants, employees and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, including distributors and customers, enjoining them from continuing acts of infringement of the '318 Patent;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

4. An accounting for damages under 35 U.S.C. §284 from each of the Defendants for their respective infringement of the '318 Patent, and the award of damages ascertained against each of the Defendants in favor of Plaintiffs, together with interest as provided by law;

5. An award of treble damages against each of the Defendants in view of their willful and deliberate infringement of the Patent-in-Suit; and

6. A finding in favor of Plaintiffs that this is an exceptional case under 35 U.S.C. §285.

**ON THE SECOND CAUSE OF ACTION** (for Unfair Business Practices):

1. For restitution of all monies otherwise acquired by Defendants by means of their unlawful and unfair business practices; and

2. For an injunction prohibiting Defendants from engaging in further unlawful or unfair business practices.

**ON THE THIRD CAUSE OF ACTION** (for Accounting):

1. That Defendants and each of them be required to account for all gains, profits and advantages derived from their violations of law; and

2. That all gains profits and advantages derived by Defendants and each of them for their violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**ON ALL CAUSES OF ACTION:**

1. For all reasonable attorney fees;
2. For costs of suit incurred by Plaintiffs; and
3. For such other relief as the Court deems just and proper.

DATED: December 15, 2015

Respectfully submitted,

RITT, TAI, THVEDT & HODGES, LLP

/S/ TIFFANY W. TAI
_____
TIFFANY W. TAI
Attorney for Plaintiffs GRYPHON MOBILE ELECTRONICS, LLC and SPACEKEY (USA), INC.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial of all issues raised in this Complaint.

DATED:  December 15, 2015            Respectfully submitted,

RITT, TAI, THVEDT & HODGES, LLP
A Limited Liability Partnership


/S/ TIFFANY W. TAI
_____
TIFFANY W. TAI
Attorney for Plaintiffs
GRYPHON MOBILE ELECTRONICS, LLC
and SPACEKEY (USA), INC.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF